United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41536
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ALBERTO SALGADO-AVILA,
also known as Jose Ramirez-Avila,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-273-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jorge Alberto Salgado-Avila appeals his guilty-plea conviction and sentence for being a previously deported alien found in the United States illegally. Salgado-Avila argues that the district court plainly erred in applying the Sentencing Guidelines in a mandatory manner. He contends that, because this error was structural in nature, prejudice should be presumed, and we should exercise our discretion to reverse the sentence. He also argues that in the event that this court holds that United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Infante, 404 F.3d 376 (5th Cir. 2005), and United States v. Mares, 402 F.3d 511 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517), control the outcome of his appeal, he wishes to preserve for possible future review his argument that those cases were wrongly decided and conflict with other circuits.

Here, the district court erred by imposing a sentence pursuant to a mandatory application of the sentencing guidelines. See United States v. Booker, 125 S. Ct. 738, 768 (2005); see also Mares, 402 F.3d at 520-21 & n.9. However, Salgado-Avila has not established that this error affected his substantial rights because the record does not demonstrate that the sentencing court would have imposed a different sentence had it been proceeding under an advisory guideline scheme. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733-34 (5th Cir. 2005), petition for cert. filed (July 25, 2005)(No. 05-5556).

Salgado-Avila also argues that, given Apprendi v. New Jersey, 530 U.S. 466 (2000), the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. He concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for possible further review. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90. The district court's judgment is AFFIRMED.